UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDY TONG,

                CASE NO.:

    Plaintiff,

v.

WELLS FARGO BANK, N.A., a foreign
profit corporation,

    Defendant.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ANDY TONG hereby sues Defendant, Wells Fargo Bank, N.A., and states as follows:

### Jurisdiction

1. Plaintiff, Andy Tong ("Mr. Tong"), is an individual residing in Duval County, Florida.

2. Defendant, Wells Fargo Bank, N.A. ("WFB") is a Foreign Profit Corporation with a principal address of 420 Montgomery Street, San Francisco, California 94163.

3. All actions material to these proceedings occurred within Columbia County, Florida.

4. Venue is proper under 28 U.S.C. 1391, as all persons, local government authorities and private business entities, involved in this dispute reside or are authorized to do business within the geographic boundaries subject to the Middle District of Florida, Jacksonville Division.

5. This Court has jurisdiction of this cause pursuant to 28 U.S.C. §1331, specifically under 15 U.S.C. §1693m(g) and 28 U.S.C. §1343.

**Background**

6. At all times in question, Mr. Tong was the owner and holder of Money Market Account Number xxxxxxxxx5467 (the "Account") with Defendant, WFB.

7. The Account is located in the United States.

8. An ATM/CheckCard Number xxxxxxxxxxxx5467 ("Check Card") was issued on the Account to Mr. Tong.

9. At all times in question, Mr. Tong was the sole authorized signatory on the Account.

10. At all times in question, Mr. Tong was living in Columbia County, Florida.

11. On or about January 11, 2021 Mr. Tong went to the Wells Fargo branch in Gainesville to withdraw money from his account and noticed unauthorized funds were withdrawn.

12. On or about January 11, 2021, Mr. Tong advised WFB and reported the unauthorized transactions on the Account and requested all records pertaining to the Account.

13. Upon notifying WFB of the unauthorized transactions, WFB representative advised Mr. Tong that the Account was frozen so that no further unauthorized transactions could be made.

14. The Check Card was never out of Mr. Tong's possession or control.

15. Prior to January 11, 2021, Mr. Tong never learned of or had reason to suspect of any counterfeit card or of any loss or theft of Account information used to make the unauthorized transfers.

16. With the exception of the occasional gas purchase, all of the transactions identified on the attached Exhibit "A" were unauthorized (the "Unauthorized Transactions.")

17. As a result of the Unauthorized Transactions, the Account and Mr. Tong have lost approximately $454,636.17.

18. WFB is considered a "financial institution" per 15 U.S.C. §1693a(9).

19. "Electronic funds transfer" is defined as "any transfer of funds . . . which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes . . . direct deposits or withdrawals of funds . . . ." 15 U.S.C. § 1693a(7); *see also* 12 C.F.R. § 205.3(b).

20. The rights, liabilities, and responsibilities of the parties to this action, with respect to the unauthorized transactions on the Account, are governed by the Electronic Fund Transfer Act (15 U.S.C. § 1693, et seq.) (the "EFTA").

21. The purpose of the EFTA is "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems. The primary objective of this subchapter, however, is the provision of individual consumer rights." (15 U.S.C. § 1693, ¶ (b) of the introduction).

22. According to § 1693m(a) of the EFTA, " . . . any person who fails to comply with any provision of this subchapter with respect to any consumer, except for an error resolved in accordance with section 1693f of this title, is liable to such consumer in an amount equal to the sum of . . . (1) any actual damage sustained by such consumer as a result of such failure; (2)(A) in the case of an individual action, an amount not less than $100 nor greater than $1,000; . . . and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

23. In order to be liable to Mr. Tong under § 1693m(a) of the EFTA, WFB must have failed to resolve an error in accordance with § 1693f of the EFTA.

24. For purposes of § 1693f of the EFTA, the unauthorized transactions reported by Mr. Tong constitute errors. See, 15 U.S.C. § 1693f(f)(1).

3

25. Pursuant to § 1693f of the EFTA, WFB was required to investigate the unauthorized transactions reported by Mr. Tong, determine whether an error had occurred, and report or mail the results of such investigation and determination to Mr. Tong and/or the other account holders within ten (10) business days after WFB received notice of the Unauthorized Transactions (i.e., within 10 business days after January 11, 2021 or, in lieu of such requirement, WFB could have, within ten (10) business days after receiving such notice, provisionally re-credited the Account for the amount of the unauthorized transactions, subject to 15 U.S.C. § 1693g, including any applicable interest, pending the timely conclusion of WFB's investigation and determination of whether an error had occurred on the WFB Account. *See*, 15 U.S.C. § 1693f(a) and (c).

26. However, during the requisite ten (10) business-day period, WFB did not report or mail the results of WFB's investigation and determination of Mr. Tong's claim, nor did WFB provisionally re-credited the Account for any amount of the unauthorized transactions pending the conclusion of WFB's investigation and its determination of whether an error had occurred on WFB Account.

27. Moreover, WFB was obligated to re-credit the Account for the amount of the Unauthorized Transactions, as the Check Card used to make the Unauthorized Transactions on the Account was not an accepted card or other means of access as defined in § 1693a of the EFTA. See, 15 U.S.C. § 1693g.

28. Even if the Check Card used to make the Unauthorized Transactions on the Account had been an accepted card or other means of access, as defined in § 1693a of the EFTA, WFB would have been required to reimburse their respective portions of the Account for the amount of the Unauthorized Transactions, less a maximum of fifty dollars ($50.00). *See*, 15 U.S.C. § 1693g.

29. WFB never re-credited the Account for any amount.

30. By letter dated January 25, 2021, WFB denied Mr. Tong's claim of January 11, 2021. A true and correct copy of the Claim Denial Letter is attached hereto as Composite Exhibit "B."

31. January 25, 2021 was more than ten (10) business days after January 11, 2021.

32. In the Claim Denial Letter, WFB stated that Mr. Tong had rights to obtain records upon which WFB decision was based. *See* Composite Exhibit "B."

33. WFB was required, upon request, to promptly deliver or mail to Mr. Tong reproductions of all documents upon which WFB relied on to conclude that the unauthorized transactions (i.e., errors) did not occur. *See*, 15 U.S.C. § 1693f(d).

34. On or about February 16, 2021, Mr. Tong requested the records upon which WFB decision was based.

35. As of the date of this filing, WFB has not reimbursed Mr. Tong for the unauthorized expenditures.

36. Mr. Tong hired the undersigned counsel to represent him in this action, and has agreed to pay a reasonable fee and costs to the undersigned counsel in connection with such representation in accordance with 15 U.S.C. §1693m(a)(3).

37. All conditions precedent to this action have been performed, have occurred, or have been waived.

## COUNT I
## VIOLATION OF 15 U.S.C. §1693f(a)

38. Plaintiff incorporates by reference in this count all allegations set forth above in Paragraphs 1 through 37.

39. This is an action for violation of 15 U.S.C. §1693f(a), which requires WFB investigate the alleged error and mail the results of the same to the consumer within ten (10) business days.

40. WFB did not, within ten (10) business days after receiving Mr. Tong's claim of January 11, 2021, investigate the unauthorized transactions reported by Mr. Tong, determine whether an error had occurred, and report or mail the results of such investigation and determination to Mr. Tong.

41. WFB did not, within ten (10) business days after receiving Mr. Tong's claim of January 11, 2021, provisionally re-credited the Account for the amount of the unauthorized transactions, subject to 15 U.S.C. § 1693g, including any applicable interest, pending the timely conclusion of WFB's investigation and determination of whether an error had occurred on the Account.

42. By failing to timely report or mail the results of its purported investigation or, in lieu thereof, provisionally re-credit the Account, WFB violated 15 U.S.C. § 1693f(a).

WHEREFORE, Plaintiff ANDY TONG demands judgment against the Defendant, WELLS FARGO BANK, N.A., for actual damages, statutory damages of $1,000.00, attorneys' fees and costs, and interest, plus any and all other relief this Honorable Court deems just and proper.

<u>**COUNT II**</u>
**VIOLATION OF 15 U.S.C. §1693f(c)**

43. Plaintiff incorporates by reference in this count all allegations set forth above in Paragraphs 1 through 37.

44. This is an action for violation of 15 U.S.C. §1693f(c), which permits WFB, in lieu of investigating and providing the results to the consumer within ten (10) days, provisionally

recredit the consumer's account pending the conclusion of an investigation in to the alleged errors of the account.

45.     WFB did not, within ten (10) business days after receiving Mr. Tong's claim of January 11, 2021 investigate the Unauthorized Transactions reported by Mr. Tong, determine whether an error had occurred, and report or mail the results of such investigation and determination to Mr. Tong; therefore, WFB was required to provisionally re-credited the Account, within said ten (10)-business day period, for the amount of the Unauthorized Transactions, subject to 15 U.S.C. § 1693g, including any applicable interest, pending the timely conclusion of WFB's investigation and determination of whether an error had occurred on the Account.

46.     By failing to provisionally re-credit the Account, WFB violated 15 U.S.C. § 1693f(c).

WHEREFORE, Plaintiff ANDY TONG demands judgment against the Defendant, WELLS FARGO BANK, N.A., for actual damages, statutory damages of $1,000.00, attorneys' fees and costs, and interest, plus any and all other relief this Honorable Court deems just and proper.

## COUNT III
### VIOLATION OF 15 U.S.C. §1693f(d)

47.     Plaintiff incorporates by reference in this count all allegations set forth above in Paragraphs 1 through 37.

48.     This is an action for violation of 15 U.S.C. §1693f(d), which requires that WFB provide an explanation of its findings to the consumer within three (3) business days of the conclusion of its investigation.  Moreover, upon the request of the consumer, it shall promptly deliver reproduction of all financial documents relied upon in concluding that an error did not occur.

7

49. Upon receipt of the records request by Mr. Tong, WFB was required to promptly deliver or mail reproductions of all documents upon which WFB relied to conclude that the Unauthorized Transactions did not occur.

50. WFB did not promptly deliver or mail any documents or otherwise respond to the Mr. Tong's records request.

51. By failing to promptly deliver or mail reproductions of all documents upon which WFB relied to conclude that the Unauthorized Transactions did not occur, WFB violated 15 U.S.C. §1693f(d).

WHEREFORE, Plaintiff, ANDY TONG demands judgment against the Defendant, WELLS FARGO BANK, N.A., for actual damages, statutory damages of $1,000.00, attorneys' fees and costs, and interest, plus any and all other relief this Honorable Court deems just and proper.

## COUNT IV
## TREBLE DAMAGES UNDER 15 U.S.C. §1693f(e)

52. Plaintiff incorporates by reference in this count all allegations set forth above in Paragraphs 1 through 37.

53. This is an action for violation of 15 U.S.C. §1693f(e), which provides that a consumer shall be entitled to treble damages for any action if the trial court finds a violation of subsection 15 U.S.C. §1693f(c) and the financial institution did not make a good faith investigation of the alleged error; have a reasonable basis for believing the consumer's account was not in error; or knowingly and willfully concluding the consumer's account was not in error when such a conclusion could not reasonably have been drawn for the evidence available to the financial institution at the time of the investigation.

54. Upon information and belief, WFB (a) did not make a good faith investigation of the alleged error, or (b) did not have a reasonable basis for believing that the Account was not in error; or (c) knowingly and willfully concluded that the Account was not in error when such conclusion could not reasonably have been drawn from the evidence available to WFB at the time of its investigation; therefore, pursuant to § 1693f(e) of the EFTA, Mr. Tong is entitled to treble damages determined under § 1693m(a)(1) of the EFTA.

WHEREFORE, Plaintiff, ANDY TONG demands judgment against the Defendant, WELLS FARGO BANK, N.A., for treble the amount of actual damage suffered by Plaintiff, ANDY TONG as a result of Defendant's violations of the EFTA, plus any and all other relief this Honorable Court deems just and proper.

## COUNT V
## VIOLATION OF UCC ARTICLE 4A (Fla. Stat. Chap. 670)

55. Plaintiff incorporates by reference in this count all allegations set forth above in Paragraphs 1 through 37.

56. The Unauthorized Transactions in Exhibit "A" are governed by Article 4A of the Uniform Commercial Code, codified at Fla. Stat. §§670.101, *et seq.* ("Article 4A").

57. WFB's conduct, as more fully set forth herein, violates Article 4A.

58. The Unauthorized Transactions were processed and facilitated by WFB in violation of §670.202 and/or §670.203, Fla. Stat. and is, therefore, unenforceable against the Plaintiff.

59. Specifically, the Unauthorized Transactions was not caused, directly or indirectly, by a person who was authorized to originate a wire pursuant on the WFB Account as an "Originator."

60. By failing to contact the Plaintiff, WFB failed to comply with, and adhere to, a commercially reasonable security procedure as expressed to WFB and specifically chosen by the Plaintiff.

61. WFB failed to comply with the security procedures designed to protect the Plaintiff when it failed to contact the Plaintiff to confirm the Unauthorized Transactions. By doing so, WFB failed to accept the wire transfer require in good faith and in compliance with commercially reasonable security procedures.

62. Accordingly, the Unauthorized Transactions were not authorized and is not effective as the order of Plaintiff pursuant to §670.202, Fla. Stat. and/or is not enforceable against Plaintiffs under §670.203, Fla. Stat.

63. WFB is obligated to refund the entire amount of the Unauthorized Transactions to Plaintiff, plus interest pursuant to §670.204, Fla. Stat.

64. As a direct and proximate result of WFB's multiple statutory violations, Plaintiff has suffered and continue to suffer damages.

WHEREFORE, Plaintiff, ANDY TONG, demands judgment against Defendant, WELLS FARGO BANK, N.A., for damages, costs and such other and further relief as this Court deems just and proper.

### **Demand for Jury Trial**

Plaintiff, ANDY TONG, demands trial by jury on all issues so triable.

DATED this 16th day of December, 2021.

**LAW OFFICE OF KELLY B. MATHIS**

By: _____
Kelly B. Mathis, Esquire
Florida Bar No. 0768588
James M. Oliver, Esquire
Florida Bar No. 0124458
3577 Cardinal Point Drive
Jacksonville, FL  32257
(904) 549-5755
Primary: kmathis@mathislaw.net
Secondary: carmen@mathislaw.net
*Attorneys for Plaintiff*

## Verification

I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this Petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

_____     24 day of  11 , 2021.

**STATE OF FLORIDA**
**COUNTY OF COLUMBIA**

The foregoing instrument was acknowledged before me this 24th day of November 2021, by ANDY TONG, who is personally known to me or who has produced _____ as identification and who did take an oath.

_____
(Signature of NOTARY PUBLIC)

CARMEN M. ALLEN
Commission # GG 930698
Expires November 11, 2023
Bonded Thru Troy Fain Insurance 800-385-7019

_____
(Printed name of NOTARY PUBLIC)
State of Florida at Large.
My commission expires:

_____